IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GINO M. SABATINI and : CIVIL ACTION NO. **3:CV-05-2586**
CATHERINE M. SABATINI, his wife, :
:
Plaintiffs : Magistrate Judge Blewitt
:
v. :
:
ITS AMORE CORP. and T&M :
DRAM CORP., :
:
Defendants :

**MEMORANDUM AND ORDER**

**I. Background.**

Following a jury trial in the above case and an October 15, 2009 verdict entirely in favor of Defendants, the Court entered a Judgment on October 16, 2009 (Doc. 140), which provided:

AND NOW, this 16th day of **October, 2009**, pursuant to the October 15, 2009 Verdict of the jury and the Special Verdict Interrogatories, attached hereto, following a trial in the above case, **IT IS HEREBY ORDERED AND ADJUDGED THAT** Judgment is entered in favor of Defendants Its Amore Corp. and T&M Dram Corp., and against Plaintiffs Gino M. Sabatini and Catherine M. Sabatini, with respect to the Complaint of Plaintiffs, Gino M. Sabatini and Catherine M. Sabatini, and their claim against Defendants Its Amore Corp. and T&M Dram Corp.
**IT IS ALSO ORDERED AND ADJUDGED THAT** Judgment is entered in favor of Plaintiffs Alexander Tarapchak III and Its Amore Corp., and against Defendants Gino M. Sabatini and Catherine M. Sabatini, with respect to the Complaint of Plaintiffs Alexander Tarapchak III and Its Amore Corp.[1] and their claims against Defendants Gino M. Sabatini and Catherine M. Sabatini.
**IT IS FURTHER ORDERED AND ADJUDGED** that Gino M. Sabatini and Catherine M. Sabatini are directed, within **thirty (30) days** of the date of this Judgment, to sell the subject parking lot to Alexander Tarapchak III for the amount of $100,000.00.

---

[1]On October 10, 2008, the District Court issued an Order consolidating the cases of *Sabatini, et al. v. Its Amore Corp., et al.*, M.D. Pa. Civil No. 3:CV-05-2586, and *Tarapchak, et al., v. Sabatini, et al.*, M.D. Pa. Civil No. 3:CV-08-1544. (*See* Doc. 61, Civil No. 05-2586). Both Complaints were consolidated into Civil No. 05-2586. Thus, the parties asserted separate claims against each other in separate Complaints.

On October 26, 2009, Plaintiffs timely filed a post-trial Motion for Judgment as a Matter of Law and for a New Trial. (Doc. 141).[2]

On October 28, 2009, Plaintiffs filed, pursuant to Fed. R. Civ. P. 62(b), a Motion for Stay of Proceedings to Enforce the October 16, 2009 Judgment Pending Disposition of their Post-Trial Motions. **(Doc. 142).** Plaintiffs filed their support Brief on November 4, 2009, and Defendants filed their opposition Brief on November 11, 2009. (Docs. 144 and 145). Plaintiffs filed their Reply Brief on November 16, 2009. (Doc. 146).

Plaintiffs' Motion for a Stay is now ripe for disposition.

II. Discussion.

In *Jama Corp.*, the Court stated:

Rule 62(b) provides that

> [o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment-or any proceedings to enforce it- pending the disposition of any of the following motions: (1) under Rule 50, for a judgment as a matter of law; (2) under Rule 52(b), to amend the findings or for additional findings; (3) under Rule 59, for a new trial or to alter or amend a judgment; or (4) under Rule 60, for relief from a judgment or order.

2008 WL 53101, *16.

Plaintiffs have filed a post-trial Motion for Judgment as a Matter of Law under Rule 50 and

---

[2] As the Court stated in *Jama Corp. v. Gupta*, 2008 WL 53101, *2-*3 (M.D. Pa.), "[u]nder Rule 50(b), a party may renew its request for a motion for judgment as a matter of law by filing a motion no more than ten (10) days after judgment is entered. See Fed. R. Civ. P. 50(b)."
The Court in *Jama Corp.* also stated, "[u]nder Rule 59(a), motions for a new trial must be filed within ten (10) days of the date the judgment was entered. See Fed. R. Civ. P. 59."

2

for a New Trial under Rule 59. Plaintiffs now seek to stay the enforcement of the Judgment under Rule 62(b) until the Court decides their post-trial motion.[3]

Plaintiffs state that they "agree not to convey or encumber the subject property [*i.e.* parking lot] pending the appeal." (Doc. 142, p. 3, ¶ 7.). Plaintiffs also state that since the Judgment entered by the Court in this case constitutes a lien on their property, *i.e.* the subject parking lot, under Rule 62(g), they are entitled to the same stay of execution the state court would afford to them. Plaintiffs then state that under Pennsylvania law, judgment is not entered after a jury trial until the 10-day period for filing post-trial motions has passed or until the Court rules on any post-trial motions which may be filed. Thus, Plaintiffs point out that under Pennsylvania law, they would not even have to seek a stay of execution of the Judgment entered in this case while their post-trial motion was pending and that they would still be protected from execution of the Judgment. Further, Plaintiffs contend that they should be entitled to the same protection from execution of the Judgment by this Court that they would be afforded in state court.

Plaintiffs conclude as follows:

> If the Defendants were permitted to commence execution procedures against Plaintiffs, significant personal financial harm may be incurred by the Plaintiffs. Plaintiffs agree not to convey or encumber the subject property pending the appeal. Plaintiffs maintain that they have a likelihood of success on their post-trial motions. As a result, any potential execution at this point would be premature and Plaintiffs therefore respectfully request a stay pending disposition of their post-trial motions.

(Doc. 144, pp. 3-4).

---

[3]Plaintiffs' post-trial motion is not yet ripe and will be ripe on or about December 31, 2009. The Court will then set oral argument with respect to Plaintiffs' post-trial motion.

3

In their Reply Brief, Plaintiffs contend that if a stay is not granted, Defendants will buy the subject parking lot and sell it, and then it would be impossible for them (Plaintiffs) to recover the property if they prevailed on their post-trial motion.

In their opposition Brief, Defendants indicate that on January 21, 2009, Amore entered into a Sales Agreement to sell its restaurant, which adjoins the subject parking lot, for $1.9 million conditioned upon the outcome of the trial in this case. They have attached a copy of a "Operating and Sales Agreement" to their Brief. (Doc. 145, p. 2 and Ex. 1). Plaintiffs also attach a copy of an April 23, 2009 letter, from counsel for the proposed buyers of Defendants' restaurant, indicating that they were giving Defendants notice of their intent to buy the property and that the parties were in the process of negotiating the purchase price. Defendants state that they presently owe $1.1 million to Penn Security Bank with respect to their restaurant. Defendants point out that Plaintiffs' post-trial motion, as well as any appeal to the Third Circuit, may take at least 18 months to resolve, and that they will suffer substantial financial harm if they cannot complete the proposed Sales Agreement. Defendants also state that even though Plaintiffs argue that they have a likelihood of success on their post-trial motion, this argument is belied by "a jury verdict overwhelming to the contrary." (Doc. 145, p. 3).

The Court in *Johnston v. School Dist. of Phila.*, 2006 WL 563003, *1 (E.D. Pa.), stated[4]:

> In exercising our discretion to stay the execution of a judgment, we may consider whether the [movants] have a likelihood of success on the merits of their post-trial motions, whether the [movants] will be irreparably injured absent a stay, whether granting the stay will

---

[4]Defendants also state the correct factors for the Court to consider when presented with a Rule 62(b) motion to stay Judgment. (Doc. 145, p. 2).

> substantially injure [Defendants], and whether the public interest will
> be served by granting the stay. *Combustion Sys. Serv. ., Inc. v. Schuylkill
> Energy Res., Inc.,* 153 F.R.D. 73, 74 (E.D.Pa.1994).

Thus, it is within the discretion of the Court to stay the Judgment pending disposition of Plaintiffs' post-trial motion. The Court has considered the above factors, as well as the arguments of the parties in their briefs, and it will stay the enforcement of its October 16, 2009 Judgment until it resolves Plaintiffs' post-trial motion. The Court does agree with Defendants that the jury's verdict in this case, which was largely based on the jury's credibility determination with respect to the testimonies of Mr. Sabatini and Mr. Tarapchak, was completely in favor of Defendants and Mr. Tarapchak.[5] However, the Court is satisfied that the balance of the remaining three factors weigh in favor of Plaintiffs, as they argue in their briefs. In particular, the Court agrees with Plaintiffs that Defendants have not shown that they have a contract in place to sell their restaurant and the subject parking lot. Defendants' own attachment indicates that they were negotiating a purchase price with the prospective buyers. The Court further finds that the harm to Plaintiffs in not granting a stay outweighs any harm to Defendants in granting a stay. Also, the Court notes that it will expeditiously decide Plaintiffs' post-trial motion to ensure that any harm of the stay Defendants may suffer will be greatly minimized.

Finally, Defendants request, in the alternative, if the Court grants Plaintiffs' Motion for a Stay, that Plaintiffs be required to post a $3 million bond as security for any damages they may suffer while Plaintiffs' post-trial motion is pending. (Doc. 145, p. 4). The Court does not find it necessary

---

[5]The Court also notes that it has previously considered most of Plaintiffs' arguments in their pending post-trial motion, and that it has not found merit to them.

at this time for Plaintiffs to post a bond. As mentioned, the Court will promptly decide Plaintiffs post-trial motion, and Plaintiffs have assured the Court that they will not convey or encumber the subject parking lot pending the disposition fo their post-trial motion.

An appropriate Order follows.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: November 14, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GINO M. SABATINI and<br>CATHERINE M. SABATINI, his wife, | : | CIVIL ACTION NO. **3:CV-05-2586** |
| Plaintiffs | : | Magistrate Judge Blewitt |
| v. | : | |
| ITS AMORE CORP. and T&M<br>DRAM CORP., | : | |
| Defendants | : | |

### ORDER

AND NOW, this 19th day of **November, 2009, IT IS HEREBY ORDERED THAT** Plaintiffs' Motion for Stay of Proceedings to Enforce the October 16, 2009 Judgment Pending Disposition of their Post-Trial Motions **(Doc. 142)** is **GRANTED.** Defendants' request that Plaintiffs be required to post a $3 million bond during the pendency of the stay is **DENIED.**

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: November 19, 2009